**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **LAKHVIR GURPAL KHAKHN,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | Case No. 09-CV-097-TCK-PJC |
| ) | |
| **DON STEWART, Warden;** ) | |
| **NURIA T. PRENDES, Field Office Dir.;** ) | |
| **JANET NAPOLITANO, Sec., Dep't of** ) | |
| **Homeland Security; and** ) | |
| **ERIC HOLDER, Attorney General of** ) | |
| **the United States,** ) | |
| ) | |
| **Respondents.** ) | |

**OPINION AND ORDER**

On February 25, 2009, petitioner, a detainee represented by counsel, filed a 28 U.S.C. § 2241 petition for a writ of habeas corpus (Dkt. # 2). Petitioner asserts that he is a citizen of India and that a reinstated removal order was entered May 5, 2008. Id. Petitioner claims his detention has become indefinite in violation of substantive due process and INA § 241(a)(6), 8 U.S.C. § 1231(a)(6). He requests that the Court order respondents to release him from custody subject to appropriate conditions and limitations. Id.

Respondents filed a response to the petition and motion to dismiss (Dkt. #s 9 and 10), asserting that this action should be dismissed because petitioner fails to establish a *prima facie* claim for relief under Zadvydas v. Davis, 533 U.S. 678, 701 (2001). Counsel for petitioner filed a reply to respondents' response (Dkt. # 11).

On March 30, 2010, respondents filed a "Notice to Court of Petitioner's Deportation" (Dkt. # 16). In support of their notice, respondents provide the "Supplemental Declaration of Amy Rachelle Ward" (Dkt. # 16, Ex. 1). Ms. Ward states that "[o]n February 19, 2010, the Consulate General of India in Houston, Texas issued Mr. Khakhn a valid travel document . . . Mr. Khakhn is scheduled to be removed from the United States to India on March 31, 2010." See Dkt. # 16, Ex. 1. In Zadvydas, the United States Supreme Court held that six (6) months is a presumptively reasonable period for holding detainees subject to deportation, as follows:

> [a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six (6) months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Zadvydas, 533 U.S. at 701. Because a valid travel document has been issued for petitioner, see Dkt. # 16, his deportation is now more than reasonably foreseeable, it is imminent. Therefore, respondents have made the showing required under Zadvydas and the motion to dismiss shall be granted. The petition shall be dismissed without prejudice subject to and conditioned upon petitioner's deportation on or before March 31, 2010. This action shall remain open until such time as respondents file a Notice to the Court that petitioner has in fact been deported.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondents' motion to dismiss (Dkt. # 9) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 2) is **dismissed without prejudice** subject to and conditioned upon petitioner's deportation on or before March 31, 2010.

3. This action shall remain open until such time as respondents file a Notice to the Court that petitioner has in fact been deported.

DATED THIS 31st day of March, 2010.

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE